**UNITED STATES, Appellee,**

v.

**Specialist Aaron J. DAVIS, 044–60–7895, United States Army, Appellant.**

ACMR 9002554.

U.S. Army Court of Military Review.

5 July 1991.

For Appellant: Captain Emmett G. Wells, JAGC (argued), Lieutenant Colonel Russell S. Estey, JAGC, Captain Brian D. Bailey, JAGC (on brief).

For Appellee: Captain Randy V. Cargill, JAGC (argued), Colonel Alfred F. Arquilla, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC, Captain Timothy W. Lucas, JAGC (on brief).

Before GRAY, FOREMAN and GRAVELLE, Appellate Military Judges.

## OPINION OF THE COURT

FOREMAN, Senior Judge:

A special court-martial composed of officer members convicted the appellant, contrary to his pleas, of attempting to violate a lawful general regulation by attempting to sell a protective mask to one soldier, and of violating the same general regulation by selling protective masks to two other soldiers, in violation of Articles 80 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 892 (1982). The approved sentence imposes a bad-conduct discharge.

The appellant contends that,

EVIDENCE THAT APPELLANT SOLD OR OFFERED TO SELL PROTECTIVE MASKS OF UNKNOWN ORIGIN TO SOLDIERS IN HIS UNIT WAS INSUFFICIENT TO PROVE A VIOLATION OR ATTEMPTED VIOLATION OF A REGULATION PROHIBITING ABUSE OF OFFICIAL POSITION OR GOVERNMENT PROPERTY.

The appellant, although a specialist, was assigned as a Nuclear, Biological and Chemical Noncommissioned Officer (NBC NCO), with responsibility for maintaining accountability of protective masks for members of his unit. On 16 April 1990, Specialist (SPC) Reeves informed the appellant that he had lost his protective mask. The appellant sold SPC Reeves a substitute mask for $20.00.

On 3 May 1990, while the unit was performing scheduled maintenance, SPC Stidum presented his mask to the appellant for inspection. The appellant observed that the mask was damaged and he explained to SPC Stidum that the damage would have to be justified on a maintenance form. On 7 May 1990, after SPC Stidum still had not submitted the maintenance form, the appellant suggested that SPC Stidum purchase a mask from the appellant for $20.00 rather than incur pecuniary liability to the United States for the damaged mask. SPC Stidum purchased a mask from the appellant later that day.

On or about 24 May 1990, Sergeant (SGT) Thomas reported his mask missing, and appellant offered to sell him a mask

for $20.00. SGT Thomas initially agreed to purchase a mask, but after discussing the proposed transaction with the first sergeant, SGT Thomas did not buy the mask.

The appellant was convicted of violating paragraphs 2–1f and 2–4 of Army Regulation 600–50, Standards of Conduct for Department of the Army Personnel (28 January 1988) (hereinafter AR 600–50). Paragraph 2–1f provides:

DA [Department of the Army] personnel are prohibited from using their official positions to induce, coerce, or in any way influence any person, including subordinates, to provide any unauthorized benefits, financial or otherwise, to themselves or others.

Paragraph 2–4 of AR 600–50 provides:

Government facilities, property, and work assistance will be used only for official Government business.... DA personnel will not directly or indirectly use, or allow the use of, Government property of any kind, including property leased to the Government, for other than official purposes. This prohibition applies where the individual either knew or should have known that the property or service in question belonged to the Government.

The appellant argues that the evidence is insufficient to establish that he: (1) used his official position; (2) influenced those to whom he offered the masks; (3) obtained unauthorized benefits; or (4) used government property for unofficial purposes. We find the evidence legally and factually sufficient to establish the appellant's guilt.

■ The appellant, as NBC NCO, was responsible for reporting lost or damaged masks. Soldiers to whom the masks were issued were subject to potential pecuniary liability if the appellant reported that they had lost or damaged their masks. The appellant's ability to influence soldiers in the unit was derived from his position, not his superior rank. The words in paragraph 2–1f, "including subordinates," contemplate that persons other than military subordinates may be unlawfully subjected to influence through use of official position. Accordingly, we find that the appellant used his official position in a manner pro-

hibited by paragraph 2–1f of AR 600–50. *Cf. United States v. Alexander,* 12 C.M.R. 102, 105 (A.B.R.1953) (The act of accepting payment for services by a private first class who "clothed himself with the cloak of officiality by representing that he had a trip ticket to use [a] truck" from another private first class is a crime that "should be equated to graft.").

■ The appellant argues that he did not "influence" members of the unit, but merely offered them an opportunity to "cut their losses." Although the appellant did not coerce others to buy the masks, he presented buyers with the choice of purchasing a mask from him for $20.00 or risking pecuniary liability to the United States for $70.00 to $90.00. We find that the appellant's acts constitute "influence" as that term is used in paragraph 2–1f of AR 600–50. *See United States v. Smith,* 16 M.J. 694, 700–701 (A.F.C.M.R.1983) (defines "influence").

The appellant argues that, in the absence of proof that the masks were government property, we should not construe AR 600–50 to criminalize every private transaction in a Government office. We disagree with appellant's premise. The appellant testified that the masks belonged to his former unit and his wife's former unit, and that they were mistakenly packed with his household goods when he was reassigned. We find that the masks were government property, that he knew they were government property, and that the profits realized by the appellant when he sold the masks were "unauthorized benefits" as that term is used in paragraph 2–1f of AR 600–50. Having found that the masks were government property, it follows that the appellant's sale of the masks for personal gain is an "unofficial purpose" as that term is used in paragraph 2–4 of AR 600–50.

The findings of guilty and the sentence are affirmed.

Chief Judge GRAY and Judge GRAVELLE concur.